## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BELDEN TECHNOLOGIES, INC. and,<br>BELDEN CDT (CANADA) INC.,<br><br>   Plaintiff,<br><br> v.<br><br>SUPERIOR ESSEX INC. and<br>SUPERIOR ESSEX<br>COMMUNICATIONS LP,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 08-063-SLR<br><br><br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS SUPERIOR ESSEX INC. AND SUPERIOR ESSEX
### COMMUNICATIONS LP'S ANSWER, AFFIRMATIVE DEFENSES
### AND COUNTERCLAIMS TO BELDEN TECHNOLOGIES, INC. AND
### BELDEN CDT (CANADA) INC.'S COMPLAINT

Defendants Superior Essex Inc. and Superior Essex Communications LP (collectively, "Superior Essex" or "Defendants") by and through their counsel, hereby answer the Complaint ("Amended Complaint") of Belden Technologies, Inc. and Belden CDT (Canada) Inc. ("Belden" or "Plaintiffs") and assert affirmative defenses and counterclaims as follows:

1. Superior Essex is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 1 of the Complaint and, on that basis, deny these allegations.

2. Superior Essex is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 2 of the Complaint and, on that basis, deny these allegations.

3. Superior Essex admits to the averments of Paragraph 3 of the Complaint.

4. Superior Essex admits to the averments of Paragraph 4 of the Complaint.

5.    Superior Essex admits that Paragraph 5 of the Complaint purports to bring an action arising under Title 35 of the United States Code and that this Court has jurisdiction over such subject matter.

6.    Superior Essex denies the allegations of Paragraph 6 of the Complaint.

### Count I
### Infringement of U.S. Patent No. 5,424,491

7.    Superior Essex repeats and incorporates its answers to the averments of Paragraphs 1-6 of the Complaint.

8.    Superior Essex admits that U.S. Patent No. 5,424,491 (the "'491 patent") is entitled "Telecommunications Cable."  Superior Essex is without knowledge or information sufficient to form a belief regarding the other allegations of Paragraph 8 of the Complaint and, on that basis, deny these allegations.

9.    Superior Essex denies the allegations of Paragraph 9 of the Complaint.

10.    Superior Essex denies the allegations of Paragraph 10 of the Complaint.

11.    Superior Essex denies the allegations of Paragraph 11 of the Complaint.

12.    Superior Essex denies the allegations of Paragraph 12 of the Complaint.

### Count II
### Infringement of U.S. Patent No. 6,074,503

13.    Superior Essex repeats and incorporates its answers to the averments of Paragraphs 1-12 of the Complaint.

14.    Superior Essex admits that U.S. Patent No. 6,074,503 (the "'503 patent") is entitled "Making Enhanced Data Cable with Cross-Twist Cabled Core Profile."  Superior Essex is without knowledge or information sufficient to form a belief regarding the other allegations of Paragraph 14 of the Complaint and, on that basis, deny these allegations.

15.    Superior Essex denies the allegations of Paragraph 15 of the Complaint.

16.    Superior Essex denies the allegations of Paragraph 16 of the Complaint.

17.    Superior Essex denies the allegations of Paragraph 17 of the Complaint.

18.    Superior Essex denies the allegations of Paragraph 18 of the Complaint.

## Count III
## Infringement of U.S. Patent No. 6,570,095

19.    Superior Essex repeats and incorporates its answers to the averments of Paragraphs 1-18 of the Complaint.

20.    Superior Essex admits that U.S. Patent No. 6,570,095 (the "'095 patent") is entitled "Multi-Pair Data Cable with Configurable Core Filling and Pair Separation." Superior Essex is without knowledge or information sufficient to form a belief regarding the other allegations of Paragraph 20 of the Complaint and, on that basis, deny these allegations.

21.    Superior Essex denies the allegations of Paragraph 21 of the Complaint.

22.    Superior Essex denies the allegations of Paragraph 22 of the Complaint.

23.    Superior Essex denies the allegations of Paragraph 23 of the Complaint.

24.    Superior Essex denies the allegations of Paragraph 24 of the Complaint.

## Count IV
## Infringement of U.S. Patent No. 6,596,944

25.    Superior Essex repeats and incorporates its answers to the averments of Paragraphs 1-24 of the Complaint.

26.    Superior Essex admits that U.S. Patent No. 6,596,944 (the "'944 patent") is entitled "Enhanced Data Cable with Cross-Twist Cabled Core Profile." Superior Essex is without knowledge or information sufficient to form a belief regarding the other allegations of Paragraph 26 of the Complaint and, on that basis, deny these allegations.

RLF1-3290187-1

27.    Superior Essex denies the allegations of Paragraph 27 of the Complaint.

28.    Superior Essex denies the allegations of Paragraph 28 of the Complaint.

29.    Superior Essex denies the allegations of Paragraph 29 of the Complaint.

30.    Superior Essex denies the allegations of Paragraph 30 of the Complaint.

**Count V**
**Infringement of U.S. Patent No. 6,998,537**

31.    Superior Essex repeats and incorporates its answers to the averments of Paragraphs 1-30 of the Complaint.

32.    Superior Essex admits that U.S. Patent No. 6,998,537 (the "'537 patent") is entitled "Multi-Pair Data Cable with Configurable Core Filling and Pair Separation." Superior Essex is without knowledge or information sufficient to form a belief regarding the other allegations of Paragraph 32 of the Complaint and, on that basis, deny these allegations.

33.    Superior Essex denies the allegations of Paragraph 33 of the Complaint.

34.    Superior Essex denies the allegations of Paragraph 34 of the Complaint.

35.    Superior Essex denies the allegations of Paragraph 35 of the Complaint.

36.    Superior Essex denies the allegations of Paragraph 36 of the Complaint.

**Count VI**
**Infringement of U.S. Patent No. 7,179,999**

37.    Superior Essex repeats and incorporates its answers to the averments of Paragraphs 1-36 of the Complaint.

38.    Superior Essex admits that U.S. Patent No. 7,179,999 (the "'999 patent") is entitled "Multi-Pair Data Cable with Configurable Core Filling and Pair Separation." Superior Essex is without knowledge or information sufficient to form a belief regarding the other allegations of Paragraph 38 of the Complaint and, on that basis, deny these allegations.

39.    Superior Essex denies the allegations of Paragraph 39 of the Complaint.

40.    Superior Essex denies the allegations of Paragraph 40 of the Complaint.

41.    Superior Essex denies the allegations of Paragraph 41 of the Complaint.

42.    Superior Essex denies the allegations of Paragraph 42 of the Complaint.

### PRAYER FOR RELIEF

Superior Essex denies that Plaintiffs are entitled to judgment or any other form of relief requested in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense
#### (Non-Infringement)

Superior Essex Inc. and Superior Essex Communications LP allege on information and belief that they have not and do not infringe any valid claim of the '491, '503, '095, '944, '537, and '999 patents, either literally or under the doctrine of equivalents.

#### Second Affirmative Defense
#### (Invalidity)

Superior Essex alleges on information and belief that the '491, '503, '095, '944, '537, and '999 patents are invalid in that they fail to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

#### Third Affirmative Defense
#### (Reservation Of Additional Affirmative Defenses)

Superior Essex has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unstated, affirmative defenses.  As such, Superior Essex reserves the right to assert additional affirmative defenses in the event investigation or discovery indicates that additional affirmative defenses are appropriate, including, but not limited to, affirmative defenses of inequitable conduct, patent misuse, and unclean hands.

## COUNTERCLAIMS

Superior Essex Inc. and Superior Essex Communications LP (collectively, "Superior Essex," "Defendants," or "Counterplaintiffs") bring the following counterclaims against Counterdefendants Belden Technologies, Inc. and Belden CDT (Canada) Inc. ("Belden," "Plaintiffs," or "Counterdefendants").

## JURISDICTION AND VENUE

1.    This is an action for declaratory relief. This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. An actual, substantial, and continuing justiciable controversy exists between Belden on the one hand and Superior Essex on the other, with respect to which Superior Essex requires a declaration of their rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of United States Patent Nos. 5,424,491; 6,074,503; 6,570,095; 6,596,944; 6,998,537; and 7,179,999 (the "'491, '503, '095, '944, '537, and '999 patents"), and to the right of Belden to maintain a suit for alleged infringement of the '491, '503, '095, '944, '537, and '999 patents.

2.    Venue is proper under 28 U.S.C. §§ 1391(b). Superior Essex alleges that Belden submitted to the venue of this Court by filing its Complaint here.

## THE PARTIES

3.    Superior Essex Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

4.    Superior Essex Communications LP is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

RLF1-3290187-1

5.      On information and belief, Belden Technologies, Inc., which filed suit against Superior Essex in this district, is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in St. Louis, Missouri.

6.      On information and belief, Belden CDT (Canada) Inc., which filed suit against Superior Essex in this district, is organized and existing under the laws of Canada, with its principal place of business in Toronto, Ontario, Canada.

### FIRST COUNTERCLAIM
**(Declaration Of Patent Non-Infringement)**

7.      Superior Essex incorporates and realleges Paragraphs 1 through 6 of these Counterclaims.

8.      Belden alleges that it owns the '491, '503, '095, '944, '537, and '999 patents, and Belden has brought suit against Superior Essex for infringement of the '491, '503, '095, '944, '537, and '999 patents.

9.      Superior Essex Inc. and Superior Essex Communications LP have not made, used, sold, offered for sale or imported into the United States any device that infringes any valid claim of the '491, '503, '095, '944, '537, and '999 patents.

10.      An actual case or controversy exists between Belden and Superior Essex, based on Belden having filed a Complaint against Superior Essex alleging infringement of the '491, '503, '095, '944, '537, and '999 patents.

11.      Declaratory relief is both appropriate and necessary to establish that Superior Essex do not infringe any valid, enforceable claim of the '491, '503, '095, '944, '537, and '999 patents.

## SECOND COUNTERCLAIM

### (Declaration of Patent Invalidity)

12.    Superior Essex incorporates and realleges Paragraphs 1 through 11 of these Counterclaims.

13.    Upon information and belief, Superior Essex alleges that the '491, '503, '095, '944, '537, and '999 patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, et. seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

14.    An actual case or controversy exists between Belden and Superior Essex, based on Belden having filed a Complaint against Superior Essex alleging infringement of the '491, '503, '095, '944, '537, and '999 patents.

15.    Declaratory relief is both appropriate and necessary to establish that the '491, '503, '095, '944, '537, and '999 patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Superior Essex prays for relief as follows:

A.    That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiff recover nothing thereon;

B.    For an entry of judgment declaring the '491, '503, '095, '944, '537, and '999 patents not infringed by Superior Essex Inc. and Superior Essex Communications LP;

C.    For an entry of judgment declaring the '491, '503, '095, '944, '537, and '999 patents invalid;

D.    That Belden be required to pay Superior Essex's attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

E.      That Belden be required to pay Superior Essex's costs; and

F.      For such other and further relief as the Court may deem just and fair.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure Superior Essex demands a

trial by jury of all issues so triable in this action.

*Anne Shea Gaza*
Jeffrey L. Moyer (#3309)

Of Counsel:                              moyer@rlf.com
Holmes J. Hawkins III                    Anne Shea Gaza (#4093)
James J. Mayberry                        gaza@rlf.com
KING & SPALDING LLP                      Richards, Layton & Finger
1180 Peachtree Street, N.E.              One Rodney Square
Atlanta, Georgia  30309                  920 North King Street
Telephone: (404) 572-4600                Wilmington, Delaware 19801
Facsimile: (404) 572-5134                Telephone: (302) 651-7700
                                         Facsimile: (302) 651-7700

Dated:  June 6, 2008                     *Attorneys for Defendants*
                                         *SUPERIOR ESSEX INC. and SUPERIOR ESSEX*
                                         *COMMUNICATIONS LP*

- 9 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2008, I electronically filed the foregoing with the

Clerk of Court using CM/ECF and caused the same to be served on the plaintiff at the addresses

and in the manner indicated below:

### VIA HAND DELIVERY

John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor
The Brandywine Building , 17th Floor
1000 West Street
Wilmington, DE   19801

I further certify that on June 6, 2008, the foregoing document was sent to the following

non-registered participants in the manner indicated:

### VIA FEDERAL EXPRESS

Matthew B. Lowrie
Robert J. Silverman
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA   02142

*Anne Shea Gaza*

Anne Shea Gaza (#4093)
gaza@rlf.com