IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELDEN TECHNOLOGIES, INC. and<br>BELDEN CDT (CANADA) INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR ESSEX INC. and<br>SUPERIOR ESSEX COMMUNICATIONS LP<br><br>Defendants. | Civil Action No.: 08-63-SLR |

## **SCHEDULING ORDER**

At Wilmington this 21st day of August, 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 8, 2008, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.  The parties will also exchange by September 8, 2008 the information identified in the District Court for the District of Delaware's "Default Standard for Discovery of Electronically Stored Information ("E-Discovery")" (Mar. 2, 2007), Sections 2 and 3.

2. **Discovery**.

(a) Discovery will be needed on the following subjects:

By Plaintiffs:  The infringement of the patents-in-suit, including the structure, manufacture, and operation of Defendants' products.  Defendants' knowledge of Plaintiffs' products and any analysis, reverse-engineering, and/or copying of Plaintiffs' patented products.

The benefits and advantages of the patented products. Defendants' awareness of Plaintiffs' patent rights. Any advice or opinions that Defendants intend to rely upon for any assertion that the infringing acts might not have been performed willfully. The damages caused by the infringement, including the costs, revenues, and profits associated with Defendants' products and any accessory or convoyed sales. Defendants' intellectual property licensing practices. Defendants' sales and marketing efforts associated with its products. The bases for Defendants' defenses and counterclaims.

By Defendants: The invalidity of the patents-in-suit; the structure, manufacture, and operation of Plaintiff's products that the Plaintiff contends are covered by the patents-in-suit; the structure, manufacture, and operation of Plaintiff's products disclosed, sold, or offered for sale prior to the priority date of any of the patents-in-suit; the conception and reduction to practice of any claim in any of the patents-in-suit; the preparation and prosecution of any application that issued as a patent-in-suit or any application that is related to an application that issued as a patent-in-suit, including parent, child, and foreign applications; Plaintiff's knowledge of any accused product; Plaintiff's revenues, cost, and profits; any secondary considerations or indicia of non-obviousness for the patents-in-suit; prior art for any patent-in-suit, including information maintained by third parties; any patent licenses for which the Plaintiff is a party; Plaintiff's sales and marketing effort; and the Plaintiff's bases for its claims, including its pre-filing investigations.

(b) All fact discovery shall be commenced in time to be completed by April 30, 2009.

(1) Document production shall be completed on or before <u>December 15, 2008</u>.

(2) Maximum of <u>thirty (30) interrogatories</u> by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(4) Maximum of <u>thirty (30) requests for admission</u> by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Absent a showing of need or agreement of the parties, and exclusive of any depositions noticed under Fed. R. Civ. P. 30(b)(6) to a party, there shall be a maximum of 15 depositions per side. Each fact deposition limited to a maximum of <u>seven (7) hours</u> unless extended by agreement of parties.

(c) Expert discovery shall be commenced in time to be completed by <u>October 9, 2009</u>.

(1) Expert reports on issues for which the parties have the burden of proof due <u>June 1, 2009</u>. Rebuttal expert reports due <u>July 31, 2009</u>.

(2) Expert depositions to be limited to a maximum of <u>seven (7) hours</u> per each report submitted by that expert, not including supplemental reports, unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before <u>November 16, 2009</u>.

(d) If willfulness has been asserted and absent agreement among the parties, the Defendants must inform Plaintiffs as to whether they intend to rely on advice of counsel by <u>February 17, 2009.</u> If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendants to their counsel and whatever other materials related to the issues in dispute that Defendants had in their possession at the time the advice was sought.

<u>(e) Supplementations under Rule 26(e) due at reasonable times and not later than forty-five (45) days before the close of expert discovery.</u>

(f) **Discovery Disputes**.

(1) The court shall conduct an in-person discovery status conference on <u>March 3, 2009</u> at <u>4:30 p.m.</u> the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously

been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before January 10, 2009.

4. **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on January 31, 2009. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before December 4, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that

differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on November 16, 2009, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on December 4, 2009. Simultaneous response briefs should be filed by January 18, 2010 and reply briefing should be filed by February 15, 2010. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on March 12, 2010 at 1:30 p.m.

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine**. **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on May 20, 2010 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a two (2) week jury trial commencing on June 1, 2010 and ending on June 14, 2010 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Sue L. Robinson<br>
United States District Judge