IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BELDEN TECHNOLOGIES, INC. and BELDEN CDT (CANADA) INC., <br> Plaintiffs <br> v. <br> SUPERIOR ESSEX INC. and SUPERIOR ESSEX COMMUNICATIONS LP, <br> Defendants. | Civil Action No. 08-063-SLR |

## **CONSENT FINAL JUDGMENT**

WHEREAS this matter comes before the Court upon the joint motion and stipulation of the parties, Plaintiffs Belden Technologies, Inc. and Belden CDT (Canada) Inc. (collectively, "Belden")[1] and Defendants Superior Essex Inc. and Superior Essex Communications LP (collectively, "Superior Essex");

WHEREAS, the parties have reached an agreement to settle the above captioned matter; and

WHEREAS the parties hereby request that a final judgment, as to the matters set forth below, be entered as follows.

THIS COURT ADJUDGES AND DECREES AS FOLLOWS:

1. This action arises under the patent laws of the United States, Title 35 of the United States Code.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

---

[1] "Belden" also refers to Belden Inc., the present assignee of certain of the Patents-in-Suit, who pursuant to the Court's August 25, 2010 order, is also a party to this case and is bound by this Consent Final Judgment. (*See* D.I. 208.)

3. Venue in this Court is proper.

4. Plaintiff Belden has standing to assert rights in U.S. Patent Nos. 5,424,491 (the "'491 Patent"), 6,074,503 (the "'503 Patent"), 6,570,095 (the "'095 Patent"), 6,596,944 (the "'944 Patent"), 6,998,537 (the "'537 Patent"), 7,179,999 (the "'999 Patent"), 7,339,116 (the "'116 Patent") and 7,135,641 (the "'641 Patent") (collectively, the "Patents-in-Suit") against Defendant Superior Essex.

5. Superior Essex has stipulated as part of the parties' settlement agreement that it has infringed, and therefore is hereby found to have infringed, the Patents-in-Suit by selling within the United States the accused data cable products.

6. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-5) of the '491 Patent.

7. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-4) of the '503 Patent.

8. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-33) of the '095 Patent.

9. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-12) of the '944 Patent.

10. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-22) of the '537 Patent.

11. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-20) of the '999 Patent.

12. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-7) of the '116 Patent.

13. Superior Essex has not sustained its burden of proving the invalidity of any of the asserted claims (1-22) of the '641 Patent.

14. Any remaining claims or counterclaims of the parties are dismissed with prejudice.

15. The parties waive their right to appeal or otherwise contest this Consent Final Judgment.

16. Each party will bear its own fees and costs (statutory and otherwise).


IT IS SO ORDERED AND DECREED THIS  10th  day of  November  , 2011

_____
UNITED STATES DISTRICT JUDGE